By the Court :
The court are satisfied that the complainant has no exclusive right to the ferry; if the respondent can find a place to land his boat, without touching the complainant’s land, he does no wrong to the complainant by keeping up the ferry. It follows that the injury, the gravamen of the complaint, is not the invasion of the feny franchise, but trespass upon the land across which the passengers find their way to and from the shore and the boat.
Is this a case for restraining a mere trespass by injunction? Where the trespass amounts to waste, going to the destruction of the estato, and producing an injury for which pecuniary compensation can not be made, chancery may be called upon for its aid to stay the mischief by injunction. Chancellor Kent, 7 Johns. Ch. 315, reviewing the cases on this head of chancery jurisdiction, says *172 he “knows no case in which an injunction was granted to restrain a mere trespass, merely because he is a trespasser, without showing the property itself was of peculiar value, and could not well admit of a recompense, and would be destroyed by repeated acts of trespass. In ordinary cases, the damages to be assessed by the jury will be adequate for a check and for a recompense. It would require very strong evidence of the inefficacy of legal remedies for compensation as well as for correction, before this court will assume a jurisdiction heretofore unknown.” We consider the case cited as conclusive of the one before us.
It is not a suit asking the interference of chancery, because the trespassers are without property, and unable to respond in damages. This is not to be presumed, but must be shown before chancery will pass by the ordinary remedies and interpose its extraordinary aid.
It would be a further objection to granting the complainant the relief prayed for, that he has not established his right at law. .So far from showing the better right, the case as it now stands rather invests the respondent with it. The proofs show that a road runs to the river which has become disused and ruinous. This road seems to have been regularly laid out, and if it had not, it is shown to have been used for eighteen years. A much shorter time of use has been held evidence of a highway. It was the right of the re-168] spondent to repair this road, and if he *dug the soil of the complainant to be applied to this purpose, even if he went upon the adjoining land to construct a road because the ordinary path was out of repair, it could in no legal view be regarded but a mere trespass.
Bill dismissed.