### GEORGE W. HARDING v. LYMAN PERIN, JR., ET AL.

RIGHT TO INJUNCTION TO PERMIT TRESPASS BY PERSONS CLAIMING TITLE TO PREMISES.

A person in possession and claiming title to an estate which the defendant also claims and is threatening acts which will amount to a destruction of the estate may enjoin such defendant from doing such acts until the disputed title to the premises can be determined.

[For other cases in point, see 5 Cyc. Dig., "Injunction," §§ 430-436; 7 Cyc. Dig., "Trespass," §§ 54-60.—Ed.]

## GIFFEN, J.

The plaintiff claims to be the owner and in possession of a lot of ground situated in the city of Cincinnati, on which there is a brick building and warehouse, and that the defendants threaten to take possession of the west wall thereof, remove the support of the roof, and thereby cause the entire roof to fall to the ground, all to the great and irreparable injury of the plaintiff. The defendants claim title to the premises, but

### Hamilton County.

admit that the plaintiff is in possession. The only question to be determined is whether the plaintiff is entitled to an injunction until the disputed question of title can be determined at law. In High, Injunctions 698, it is said:

"Where the party aggrieved is in possession, he will be allowed to restrain such trespasses as would result in irreparable damage in the event of refusing the relief."

And in the case of *Ross* v. *Page*, 6 Ohio 166, cited by counsel for the defendant, the same doctrine is recognized. The court say:

"Where the trespass amounts to waste, going to the destruction of the estate, and producing an injury for which pecuniary compensation cannot be made, chancery may be called upon for its aid to stay the mischief by injunction."

In *Lownds* v. *Bettle*, 33 L. J. Ch. 451, the distinction between the acts done by a stranger and by one claiming title is clearly set forth as follows:

"Where, therefore, the plaintiff is in possession, and the person doing the acts complained of is an utter stranger, not claiming under color of right, the tendency of the court is not to grant an injunction, unless there are special circumstances, but to leave the plaintiff to his remedy at law, though where the acts tend to the destruction of the estate, the court will grant it. But where the party in possession seeks to restrain one who claims by adverse title, there the tendency will be to grant the injunction, at least where the acts done either did or might tend to the destruction of the estate."

In the case before us, the plaintiff is in possession; the defendants claim by adverse title, and the acts threatened will tend to the destruction of the estate. The defendants have a remedy by ejectment, and until they establish their title by an action at law, we are of the opinion that the tearing down of the building and the destruction of the estate should be enjoined.

**Jelke** and **Swing**, JJ., concur.